**Blanca Esperanza GRIJALVA
y Grijalva, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney
General, Respondent.**

No. 11–73541.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 19, 2013.*

Filed Dec. 10, 2013.

Blanca Esperanza Grijalva y Grijalva, N. Hollywood, CA, pro se.

OIL, Colin J. Tucker, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, TROTT, and THOMAS, Circuit Judges.

MEMORANDUM **

Blanca Esperanza Grijalva y Grijalva, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order denying her motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Toufighi v. Mukasey*, 538 F.3d 988, 992 (9th Cir.2008), and we deny the petition for review.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Grijalva filed an untimely and number-barred motion to reopen claiming changed conditions, and that she would be subjected to domestic abuse in Guatemala. The BIA did not abuse its discretion in denying Grijalva's motion because it considered the record and acted within its broad discretion in determining that the evidence was insufficient to establish prima facie eligibility for the relief sought. *See id.* at 996 (to prevail on a motion to reopen based on changed conditions, petitioner must demonstrate that the new evidence, considered with the evidence from the original hearing, would establish prima facie eligibility for relief). We reject Grijalva's contention that the BIA failed to properly address the issues presented in her motion. *See Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir.2010) (the BIA "does not have to write an exegesis on every contention").

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.